**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD JENNINGS FOGLE,

             Petitioner-Appellant,

v.

WARDEN AL ESTEP and JOHN
SUTHERS,

             Respondents-Appellees.

No. 06-1413

(D. Colo.)

(D.C. No. 05-CV-01491-PSF-PAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Ronald Jennings Fogle, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Fogle has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. *Id.*

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

On October 23, 2000, Mr. Fogle pleaded guilty to two counts of aggravated robbery, and was sentenced by the Jefferson County district court to two concurrent 32-year terms, to run concurrently with a 66-year sentence imposed for a conviction in another county. Though he did not file a direct appeal from his sentence, on May 11, 2001 he filed a petition for post-conviction relief in state court. Mr. Fogle did not properly appeal this decision to the Colorado Supreme Court. On March 10, 2003, he filed another state post-conviction motion. All of Mr. Fogle's claims in the March 10 petition were rejected by the Colorado state trial court, and the Colorado Court of Appeals ("CCA") affirmed. The Colorado Supreme Court denied certiorari review on July 25, 2005.

On August 1, 2005, Mr. Fogle filed a § 2254 petition in the United States District Court for the District of Colorado alleging (1) his sentence was improperly enhanced; (2) he received ineffective assistance of counsel; (3) he was denied an evidentiary hearing on his state court post-conviction relief petitions; (4) the CCA denied him a limited remand and then ruled that his claims were not properly before the court; and (5) the CCA unfairly denied his *Apprendi* claim because he was proceeding pro se. In a detailed opinion, the magistrate judge recommended that the district court dismiss all claims as untimely because the petition was filed after expiration of the one–year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA). Alternatively, the

magistrate judge recommended that each claim be dismissed on the merits. The district court adopted the recommendations of the magistrate judge and dismissed the petition with prejudice.

## Discussion

A prisoner may appeal the denial of a motion for relief under 28 U.S.C. § 2254 only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The AEDPA requires a state prisoner to file for any federal habeas relief within one year after his conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2000). The statute of limitations is tolled while petitioners pursue state post-conviction claims. § 2244(d)(2).

Under Colorado law, Mr. Fogle had forty-five days to directly appeal his conviction, Colo. App. R. 4(b)(1), which he chose not to do. After the time for direct appeal passed, the AEDPA statute of limitations ran for 154 days until Mr.

Fogle filed his first petition for state post-conviction relief. Because Mr. Fogle was then pursuing his claims in state court, the statute of limitations was tolled until the time passed for him to appeal the CCA's denial of his petition. The AEDPA clock then ran from July 27, 2002 until Mr. Fogle filed his second state post-conviction motion on March 10, 2003—an additional 225 days . His second state petition was pending in state court through August 5, 2005, five days after he filed his § 2254 petition in federal court. By this time, Mr. Fogle had exceeded the statute of limitations by fourteen days.

Mr. Fogle argues that the statute of limitations should have been tolled through August 14, 2002 rather than July 27, 2002 because he filed an application for certiorari with the Colorado Supreme Court after the CCA denied most of his May 11 petition. For the purposes of AEDPA, "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Mr. Fogle did not properly file his application for certiorari because he failed to provide the appropriate number of copies to the court. Because Mr. Fogle did not comply with Colorado filing rules, his improper filing did not toll the statute of limitations for filing his § 2254 petition.

Mr. Fogle also contends that the district court miscalculated the number of days because it failed to take into account the "mailbox rule" in determining when his court documents were filed. Under this rule, a prisoner's papers are deemed

filed when he gives them to a prison official rather than when they are actually filed with the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Hall v. Scott*, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002). To take advantage of the "mailbox rule" a prisoner must document his use of the legal mail system or sign a notarized affidavit stating the date he deposited the mail in the regular mail system. *Price v. Philpot*, 420 F.3d 1158, 1166–67 (10th Cir. 2005). Though Mr. Fogle claims he provided his March 10, 2003 motion to prison officials on March 1, 2003, he makes only unsworn allegations to that effect. Moreover, even accepting Mr. Fogle's argument that his documents should be deemed filed with the court on March 1, 2003, he still filed his petition at least five days after the statute of limitations had run.

Mr. Fogle also argues that the statute of limitations should be equitably tolled. Though the one-year statute of limitations may be subject to equitable tolling, such relief "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Fogle claims for the first time in this appeal that the "extraordinary circumstance" that warrants tolling here is the ineffective assistance of counsel he received after his original conviction, which prevented him from filing an appeal to his original conviction. He failed to raise this issue in the district court, so we will not review it on appeal. *United States v. Windrix*,

405 F.3d 1146, 1156 (10th Cir. 2005). Even if Mr. Fogle had presented this claim below, an ineffective assistance claim would not entitle him to equitable tolling. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under § 2254.") Mr. Fogle has not presented any extraordinary circumstances justifying the equitable tolling of the statute of limitations.

Because reasonable jurists could not differ in determining that Mr. Fogle's petition is untimely, we need not reach the merits of his claims.[1]

## Conclusion

Accordingly, we **DENY** Mr. Fogle's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge

---

[1]The magistrate judge addressed his five claims in detail and found them to be without merit.