**UNITED STATES COURT OF APPEALS**

April 2, 2008

**TENTH CIRCUIT**

RONALD JENNINGS FOGLE,

       Petitioner-Appellant,

v.

WARDEN DICK SMELSER; JOHN
SUTHERS, Attorney General of the
State of Colorado,

       Respondents-Appellees.

No. 07-1491
(D.C. No. 07-cv-01636-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

       Ronald Jennings Fogle, a state prisoner proceeding pro se, requests a

Certificate of Appealability ("COA") to appeal the district court's dismissal of his

28 U.S.C. § 2254 habeas petition. For substantially the same reasons as the

district court, we **DENY** a COA and **DISMISS** the appeal.

       Fogle was convicted in Colorado state court on August 4, 2000, of second-

degree kidnaping, simple robbery, aggravated robbery, and attempted aggravated

robbery. Based on several prior Maryland felony convictions, the trial court

concluded that Fogle was a habitual criminal and sentenced him to 64 years'

imprisonment. Fogle pursued unsuccessful direct and collateral state appeals, and the Colorado Supreme Court denied review of his final motion for postconviction relief on July 16, 2007.

Fogle filed an application for habeas relief in federal district court on August 2, 2007. In response to a magistrate judge's order that he clarify two of the claims asserted in his application, Fogle filed an amended petition on October 19, 2007. His amended petition asserted three claims: (1) His Maryland convictions, which the Colorado sentencing court used in treating Fogle as an habitual criminal, were based on an unconstitutional plea; (2) The sentencing court erred by counting his Maryland convictions as four separate convictions, even though they were consolidated for the purposes of entering a guilty plea, in violation of the Full Faith and Credit Clause; and (3) The sentencing court erred by relying on unauthenticated records of Fogle's Maryland conviction, in violation of the Equal Protection Clause. The district court dismissed Fogle's petition, finding that his first claim was an impermissible challenge to a prior conviction, and that the remaining two claims failed to raise a violation of federal constitutional or statutory law. It also denied his subsequent motion for a COA. Fogle now seeks a COA from this court.[1]

---

[1] Because the district court denied Fogle a COA, he may not appeal the district court's decision absent a grant of a COA by this court. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This

(continued...)

Fogle is entitled to habeas relief only if the state court decision he challenges was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)-(2). A federal court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). We review a district court's legal analysis of a state court decision de novo. Turrentine v. Mullin, 390 F.3d 1181, 1189 (10th Cir. 2004).

Fogle first contends that the Maryland convictions used to support his Colorado habitual offender status were unconstitutional because his plea was not knowingly, voluntarily, and intelligently entered.[2] Fogle does not contend,

_____

[1](...continued)
requires Fogle to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

[2] In support of this issue, Fogle's initial habeas petition cited state and federal procedural rules rather than a specific provision of the United States Constitution. His amended petition cites the United States Constitution, but lacks developed arguments. We note, however, that Fogle has attached to his application excerpts from state court motions that present an involuntary plea argument based on constitutional grounds. Construing Fogle's pro se pleadings
(continued...)

- 3 -

however, that he is in custody for the Maryland convictions that he indirectly challenges. We therefore cannot reach this claim because federal courts have jurisdiction to review habeas petitions from state court prisoners only when the petitioner "is <u>in custody</u> in violation of the Constitution or laws or treaties of the United States." § 2254(a) (emphasis added). This remains so even though Fogle's conviction was later used to lengthen his sentence for his subsequent Colorado crime. See <u>Lackawanna County Dist. Attorney v. Coss</u>, 532 U.S. 394, 402-03 (2001).

Courts have acknowledged two potential exceptions to this rule. Neither applies here. First, a trial court's failure to appoint counsel in violation of the Sixth Amendment allows for habeas review of a prior conviction notwithstanding the petitioner's release. <u>Coss</u>, 532 U.S. at 404 (citing <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963)). Fogle, however, was represented by counsel at his Maryland plea hearing. Under the second exception, habeas review may remain available even after a sentence expires when, through no fault of the petitioner, he has no other channel of review available. See <u>Coss</u>, 532 U.S. at 405. Fogle does not contend that he lacked any other channel of review for his Maryland convictions. We therefore deny a COA on this issue.

---

[2](...continued)
liberally, <u>see</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991), we conclude that his § 2254 petition fairly raises this same constitutional argument.

Fogle next contends that the sentencing court violated the Full Faith and Credit Clause by failing to honor the Maryland court's order consolidating his four Maryland charges into one case for the purposes of entering a plea. He reasons that, because of this consolidation, his four convictions should have been treated as a single conviction under the Colorado habitual criminal statute, Colo. Rev. Stat. § 18-1.3-801(2). But Fogle does not explain how Colorado's characterization of an out-of-state conviction, used only to calculate a Colorado sentence, affords anything less than full faith and credit to Maryland's interest in the earlier conviction. Because Fogle has belatedly attached a federal constitutional label to a pure issue of state law, we cannot grant a COA on this claim. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Finally, Fogle claims that the sentencing court relied on improperly authenticated records establishing his Maryland convictions. He claims that this error violated the Equal Protection Clause because other prisoners are sentenced using properly authenticated records. The Colorado Court of Appeals rejected Fogle's evidentiary argument, concluding that the trial court relied on admissible evidence. On collateral review, we give considerable deference to state court

evidentiary rulings, and may not provide habeas relief unless those rulings were "so fundamentally unfair that a denial of constitutional rights results." Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002) (quotation omitted). Fogle presents no evidence that the court relied on inaccurate records or that these records otherwise rendered his sentence fundamentally unfair. We thus deny a COA on this claim as well.[3]

Fogle's request for a COA is **DENIED**, and his petition is **DISMISSED**. His motion to proceed in forma pauperis is **GRANTED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[3] Even if Fogle's second and third claims properly raise an issue of federal constitutional law, his petition would be subject to dismissal for failure to exhaust because he presented these claims to the Colorado courts solely in terms of state law. See 28 U.S.C. § 2254(b)(1)(A) (requiring state court exhaustion). Notwithstanding this potential failure to exhaust, we reject his claims on their merits. See Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002); see also § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").