**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 8, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RONALD JENNINGS FOGLE,

        Plaintiff-Appellant,

v.

CATHY SLACK, C.D.O.C.,
Administrative Head at (C.S.P.); V.
RIDDLE, C.D.O.C., Committee
Chairperson at (C.S.P.); J. HUNTER,
C.D.O.C., Case Manager, Committee
Member at (C.S.P.); J. CARROLL,
C.D.O.C., Committee Chairperson at
(C.S.P.); D. COMB, C.D.O.C., Case
Manager, Committee Member at
(C.S.P.),

        Defendants-Appellees,

and

CAPTAIN PIERSON, C.D.O.C.,
Committee Member and Chairperson
at (D.R.D.C); WILLIAM BOKROS,
C.D.O.C., Administrative
Head/Director at (D.R.D.C.);
GEORGE MESKIMEN, Lt., C.D.O.C.,
Initiating Employee at (D.R.D.C.);
FOSNOT, C.D.O.C., Case Manager,
Committee Member of (D.R.D.C.); S.
EGAN, C.D.O.C., Case Manager,
Committee Member at (D.R.D.C.); LT.
NORTON, C.D.O.C., Programmer at
(D.R.D.C.); UNKNOWN
DEFENDANT #1, C.D.O.C.
Correctional Officer at (D.R.D.C.);
UNKNOWN DEFENDANT #2,

No. 10-1335
(D.C. No. 1:05-CV-01211-KHV-CBS)
(D. Colo.)

C.D.O.C. Correctional Officer at (D.R.D.C.); UNKNOWN DEFENDANT #3, C.D.O.C. Correctional Officer at (D.R.D.C.); JOHN R. CLARKSON, C.D.O.C., Committee Member at (S.C.F.); C. WIERZHICKI, C.D.O.C., Committee Member at (S.C.F.); MCMONAGLE, C.D.O.C., Case Manager, Committee Member at (S.C.F.); PAUL WILLIAMS, C.D.O.C., Committee Member at (S.C.F.); T. CHASE, C.D.O.C., Administrative Head at (S.C.F.); NICHELS, C.D.O.C., Case Manager, Committee Member at (S.C.F.); M. EMILY, C.D.O.C., Administrative Head at (S.C.F.); JOE ORTIZ, C.D.O.C., Executive Director,

Defendants.

## ORDER AND JUDGMENT[*]

Before **HOLMES** and **McKAY**, Circuit Judges, **PORFILIO**, Senior Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

-2-

## INTRODUCTION

Ronald Fogle, a state prisoner appearing pro se, appears before this court for a second time in pursuit of relief on his 42 U.S.C. § 1983 civil rights claims based on alleged constitutional violations associated with his placement in administrative segregation while an inmate of the Colorado Department of Corrections (DOC). After a series of orders, the district court entered judgment denying all relief and dismissed the complaint and the action with prejudice. R. Vol. 2 at 319-21. Mr. Fogle appeals, and we AFFIRM.

## BACKGROUND

After walking out of the Denver County Jail while a pretrial detainee, Mr. Fogle was apprehended, returned to that facility, and made to serve time in punitive segregation. He was eventually sentenced on the original felony counts for which he had been charged and then spent from September 2000 until August 2003 in administrative segregation at three different state facilities. His original § 1983 complaint, naming various DOC officials as defendants, was dismissed by the district court as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). On appeal, this court affirmed in part, reversed in part, and remanded. *See Fogle v. Pierson*, 435 F.3d 1252, 1265 (10th Cir. 2006). In that opinion, we identified five issues that should have survived dismissal under § 1915(e)(2)(B)(i):

> his claim that he was not given proper due process before being assigned to administrative segregation; his claim of cruel and unusual punishment stemming from the denial of all outdoor recreation for

three years; his claim of retaliation for the exercise of his First Amendment rights; his claim of denial of "Christian fellowship"; and his claim of denial of access to the law library.

*Id.*

On remand, the district court granted the motion to dismiss all individual-capacity claims against DOC director Joseph Ortiz because the complaint did not allege any personal actions by Mr. Ortiz that violated Mr. Fogle's rights.[1] The court further dismissed the official capacity claims against Mr. Ortiz and all other defendants because of their immunity from damage claims, and because Mr. Fogle did not seek injunctive relief. R. Vol. 1 at 164-67. After this order, the lawsuit consisted only of individual-capacity claims against the remaining defendants for compensatory and punitive damages.

Defendants then filed a motion for summary judgment that the district court granted in part and denied in part. *See id*. Vol. 2 at 48. The court determined that Mr. Fogle was advancing only three claims:

> (1) that he was not given proper due process before he was assigned to administrative segregation, which resulted in him being denied all outdoor recreation and religious services throughout his assignment to administrative segregation; (2) that prison staff sent him to long-term administrative segregation in retaliation for his exercise of First Amendment rights because he complained about his assignment to administrative segregation and threatened to file a lawsuit; and (3) that he was denied access to the law library in preparing his case.

---

[1] Mr. Fogle did not object to this dismissal.

*Id.* at 31-32 (footnote omitted). The court identified two issues for decision: whether some or all of the remaining claims were barred by the statute of limitations, and, if some claims were not barred, whether a trial was required to decide them. *Id.* at 32.

"[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued. A § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle*, 435 F.3d at 1258 (quotation and citation omitted). Mr. Fogle was kept in administrative segregation from September 2000 through August 2003. He commenced this case on June 20, 2005. Thus, claims based on actions that occurred in the early part of his nearly three-year stint in segregation are barred unless a tolling provision applies. *See id.*

In an effort to avoid having claims dismissed because they were time barred, Mr. Fogle argued that the continuing violation doctrine should be applied to his case. The district court held that, aside from the fact that this court has yet to decide whether the continuing violation doctrine applies to § 1983 claims, the decisions made by various defendants at various facilities were insufficiently related to group them into one big due process bundle by virtue of the continuing violation doctrine. *See* R. Vol. 2 at 39-41. Similarly, because discrete conduct formed the basis for his retaliation claim, the court concluded "even if the

continuing violation doctrine could apply to a § 1983 claim, it would not apply to the claims asserted in this lawsuit." *Id.* at 41.

The court then applied the two-year statute of limitations to Mr. Fogle's claims. The only claims to fall within the limitations period were: (1) the due process claim based on "Defendant Slack's approval [sometime after June 20, 2003] of two recommendations by Defendants Comb and Carroll to keep Mr. Fogle in administrative segregation pending a behavioral review," *id.* at 41-42; and (2) the retaliation claim against Defendants Slack, Comb, and Carroll based on their decisions of June 20 and July 21, 2003, to keep Mr. Fogle in administrative segregation, *id.* at 42.

After examining the record and considering the arguments of the parties regarding whether equitable tolling could save any of the time-barred claims, the court concluded:

> [c]ontingent upon a showing at trial that the statute of limitations is subject to equitable tolling, the sole claims remaining in this action are that: (a) Defendants Slack, Riddle, Hunter, Carroll and Comb deprived Mr. Fogle of due process when they recommended or decided to keep him in administrative segregation; (b) Defendant Hunter retaliated against Mr. Fogle for his exercise of First Amendment rights; and (c) Defendant Hunter deprived Mr. Fogle of access to the law library and other legal assistance, impeding his right of access to the courts.[2]

*Id.* at 48 (footnote added).

---

[2] Defendant Hunter worked at the Colorado State Penitentiary as a case manager. Mr. Fogle alleged that he asked Mr. Hunter for law library access so he could file this § 1983 complaint, but Mr. Hunter refused him such access.

Mr. Fogle's remaining claims came to trial in a bifurcated proceeding where the parties first presented the equitable tolling evidence to the court. At the conclusion of that proceeding, the court ruled Mr. Fogle was not entitled to equitable tolling and dismissed the due process claims against defendants Slack, Riddle, Hunter, Carroll, and Comb arising from their participation, before June 20, 2003, in the decisions to keep Mr. Fogle in administrative segregation. The court refused to toll Mr. Fogle's legal access claim against defendant Hunter and further found that Mr. Fogle "offered no evidence that his mental illness (paranoid schizophrenia in remission) or any other mental condition in any way prevented him from timely asserting claims in this litigation." *Id.* at 306.

The court then ordered Mr. Fogle to show cause "why defendants should not be entitled to qualified immunity for any violation of plaintiff's rights to procedural due process" and "why all claims against [defendant] Hunter on or after June 20, 2003 should not be dismissed." *Id.* at 311. In his response to the show cause order, Mr. Fogle's counsel stated that he was "unable to show cause . . . as to why all claims against all the remaining Defendants should not be dismissed." *Id.* at 314. The court entered judgment in favor of all remaining defendants and dismissed the claims with prejudice. This appeal followed.

## ANALYSIS

Our jurisdiction arises under 28 U.S.C. § 1291. On appeal, Mr. Fogle contends the district court erred in dismissing his claims involving (1) court

access; (2) First Amendment retaliation; (3) due process; and (4) the Eighth Amendment. He argues that the court further erred in its decisions regarding the continuing violation doctrine and equitable tolling and dismissed defendant Ortiz prematurely.

<u>Statute of Limitations</u>

We first consider the district court's conclusion that most of Mr. Fogle's claims were time barred and that he was not entitled to equitable tolling. As mentioned, Mr. Fogle did not commence his case until June 20, 2005. Therefore, pursuant to the two year statute of limitations set forth in Colo. Rev. Stat. § 13-80-102(g), any acts occurring prior to June 20, 2003, are time barred and must be dismissed unless Mr. Fogle establishes the continuing violation doctrine applies, *see generally Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (discussing application of doctrine), or the limitations period is subject to tolling, a matter controlled in this § 1983 case by Colorado law, s*ee Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Mr. Fogle bore the burden to show that the limitations period should be equitably tolled. *See Escobar v. Reid*, 668 F. Supp. 2d 1260, 1287 (D. Colo. 2009) (noting that "once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to Plaintiff to . . . show that there is a basis to toll the accrual date").

*Continuing Violation Doctrine*

"The continuing violation doctrine permits a Title VII plaintiff to challenge incidents that occurred outside the statutory time limitations of Title VII if such incidents are sufficiently related and thereby constitute a continuing pattern of discrimination." *Hunt,* 17 F.3d at 1266. Mr. Fogle argues that each of defendants' decisions to keep him in administrative segregation should be grouped together to constitute a continuing violation of his civil rights. As the district court noted, however, this court has yet to decide whether the continuing violation doctrine applies in § 1983 cases, and we decline to do so now. Instead, we agree with the district court that each segregation decision was of a discrete nature and that, in many instances, segregation decisions were made by different decision makers across three different correctional facilities, thus making it inappropriate to aggregate all such decisions into one continuing violation for limitations purposes. The same reasoning applies to Mr. Fogle's retaliation claims because each claim involved discrete decisions or discrete conduct making the continuing violation doctrine inapplicable.

*Equitable Tolling*

Colorado courts allow equitable tolling only rarely. *Escobar*, 668 F. Supp. 2d at 1272 (citing *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. Ct. App. 2000), which had noted "[t]he doctrine of equitable tolling is limited to situations in which either the defendant's wrongful conduct prevented the plaintiff from asserting the

claims in a timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts"). Whether a statute of limitations should be equitably tolled is a question of fact we review for clear error, *see Fratus*, 49 F.3d at 675-76, giving "due regard to the trial court's opportunity to judge the witnesses' credibility," Fed. R. Civ. P. 52(a)(6). As noted, after a hearing the district court determined that equitable tolling was not available to Mr. Fogle. We agree.

Mr. Fogle argues that equitable tolling should have saved his claims. He particularly focuses on his right-to-access claims that the district court refused to toll finding:

> The essence of a denial of access claim is that official action denied plaintiff an opportunity to litigate that claim. *Christopher v. Harbury*, 536 U.S. 403, 414 (2002). Based on the evidence, the Court cannot conclude Hunter deprived plaintiff of any opportunity to litigate the Section 1983 claims which plaintiff later brought in this case. As noted, plaintiff filed his complaint nearly two years after he was released from administrative segregation and transferred from CSP [Colorado State Penitentiary]. Furthermore plaintiff testified that he made numerous requests – which were granted – to access the library and other legal materials at other facilities. Plaintiff's testimony that at CSP he made weekly requests which someone ignored is not credible. Plaintiff is not entitled to equitable tolling on the theory that Hunter, or anyone else, impeded his access to legal materials or the courts.

R. Vol. 2 at 305. These findings of fact are supported by the record, and we are not definitely and firmly convinced that the court erred. *See United States v. Jarvison*, 409 F.3d 1221, 1224 (10th Cir. 2005).

-10-

We specifically reject Mr. Fogle's contention that he could have made his case if he had had the documents he requested in discovery documenting his numerous unanswered requests for access to legal materials. A plaintiff who has not acted on his rights in a timely manner will not be heard to complain when the evidence he needs for his cause is unavailable due to his tardiness. Statutes of limitations reflect a balancing of the interest favoring the vindication of valid claims and the interest barring the prosecution of stale ones. *Sun Oil Co. v. Wortman*, 486 U.S. 717, 736 (1988) (Brennan, J., concurring). "[T]here comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious." *Bd. of Regents v. Tomanio*, 446 U.S. 478, 487 (1980), *abrogation on other grounds recognized by Farrell v. McDonough*, 966 F.2d 279, 280 (7th Cir. 1992). Statutes of limitations assist the courts by making the adjudication process more efficient. This process is otherwise "hampered by stale evidence and absent witnesses." *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 651 F.2d 687, 694 (10th Cir. 1981).

Mr. Fogle also argues that the combination of his mental illness and his placement in administrative segregation should, as a matter of law, demand the equitable tolling of his claims. He cites no authority for this proposition, and we have found none. On the contrary, we find no error in the findings of the district

-11-

court in its order granting, in part, defendants' motion for summary judgment and

stating:

> As for Mr. Fogle's contention that the statute of limitations should be equitably tolled because of his mental illness, the only evidence before this Court is that Mr. Fogle suffers from paranoid schizophrenia and auditory hallucinations, and that he takes psychotropic medications. There is no evidence that his illness or medications prevented him from timely asserting his claims. As is evident from Mr. Fogle's numerous court filings during the time when he was in administrative segregation, his mental illness did not prevent him from filing documents with a court.

R. Vol. 2 at 44; *see also id.* at 306 (Mem. & Order & Order to Show Cause)

("plaintiff offered no evidence that his mental illness (paranoid schizophrenia in

remission) or any other mental condition in any way prevented him from timely

asserting claims in this litigation").

With regard to any denial-of-access claims based on conduct that was not

time barred, Mr. Fogle's counsel conceded he was "unable to show cause . . . as

to why all claims against all the remaining Defendants should not be dismissed."

*Id.* at 314.[3] In general, a client "is bound by the actions of his lawyer," and the

lawyer must be given free rein to manage the conduct of a trial. *Young v.*

*Workman*, 383 F.3d 1233, 1240 (10th Cir. 2004). In this instance, while

Mr. Fogle may disagree with his lawyer's action, that fact does not rescue his

---

[3]     This concession also applied to Mr. Fogle's First Amendment retaliation claim against Mr. Hunter.

right-to-access claims particularly where the court allowed him to speak to this issue before rendering judgment. Supp. R. Vol. 1 at 271-76.

Because all of Mr. Fogle's claims were either time barred or were dismissed when he could not show cause why they should be considered viable, we do not reach the merits of the other arguments in Mr. Fogle's briefs. We do pause, however, to explain that, our prior opinion remanding certain claims that had an arguable basis in law or fact so that the district court could consider whether Colorado's statute of limitations could be tolled, *see Fogle*, 435 F.3d at 1259, 1265, did not mean that this court considered Mr. Fogle's case to be clothed with the extraordinary circumstances required to justify such equitable tolling. And it certainly did not establish that there was merit in any of Mr. Fogle's claims per se.

All pending motions filed by Mr. Fogle are DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Senior Circuit Judge