FILED
United States Court of Appeals
Tenth Circuit

October 29, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RONALD JENNINGS FOGLE,

      Plaintiff - Appellant,

v.

ARCHER THOMAS ELLIOTT, JR.,

      Defendant - Appellee.

No. 13-1372

D. Colorado

(D.C. No. 1:13-CV-01766-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining Ronald Fogle's appellate filings and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Fogle filed the instant action in federal district court against Tom Elliott, his attorney in a previous civil case, alleging he suffered losses by virtue of Elliott's malpractice. He labeled his action a "claim for reimbursement," and

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recognized a proper civil complaint would be barred by the applicable statute of limitations.[1]  After affording Fogle several opportunities to cure deficiencies in his filing, the district court dismissed the action for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  The district court further certified that any appeal would not be taken in good faith and, thereby, denied Fogle *in forma pauperis* status for purposes of appeal.  *See* 28 U.S.C. § 1915(a)(3).

After Fogle filed a notice of appeal, this court ordered him to file an *ifp* application.  When he filed his application on September 23, 2013, his prison trust account revealed a balance exceeding $1500.  Accordingly, this court entered an assessment order pursuant to the terms of 28 U.S.C. § 1915(b).  Having now reviewed the entire record, it is clear the district court's disposition of Fogle's action is irrefutably correct.  Fogle's arguments to the contrary are frivolous.  Accordingly, this court **dismisses** the appeal pursuant to the terms of 28 U.S.C. § 1915(e)(2).  Our dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).  Furthermore, given the large balance in Fogle's prison trust

---

[1]Although Elliott was the only party defendant identified in Fogle's action, his "claim for reimbursement" focused on an unidentified "Federal Board of Trustees" that Fogle asserted could aid him in obtaining more than $3,000,000 from Elliott.  As noted by the district court, the Colorado Rules of Civil Procedure do establish a fund to recompense Colorado state victims of attorney misconduct.  Those rules do not, however, establish subject matter jurisdiction over a claim against the fund in federal court.

account, his motion to proceed in forma pauperis is **denied**, and he is hereby

**ordered** to immediately remit the full balance of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge