**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 6, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD JENNINGS FOGLE,

　　　Plaintiff - Appellant,

v.

ANGELINA GONZALES, in her
individual and official capacities as case
manager for Crowley County Correctional
Facility,

　　　Defendant - Appellee.

No. 14-1428
(D.C. No. 1:14-CV-02150-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY,** and **MATHESON**, Circuit Judges.

Ronald Jennings Fogle, a Colorado state prisoner appearing pro se,[1] appeals the

district court's decision to dismiss without prejudice his 42 U.S.C. § 1983 action.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

* After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In 2000, Mr. Fogle was convicted in Colorado state court of kidnapping, robbery, aggravated robbery, attempted aggravated robbery, and attempted escape. Regarding the attempted escape, while in pretrial detention in the Denver County Jail, Mr. Fogle posed as a visitor and walked out of the facility. He was quickly apprehended, returned to the facility, and placed in segregation.

Mr. Fogle was sentenced to 64 years in prison. When he arrived there, he was placed in administrative segregation without receiving a formal prison disciplinary hearing. He remained there from 2000 to 2003.

Since that time, Mr. Fogle has brought numerous suits and petitions, including claims under 42 U.S.C. § 1983,[2] petitions for post-conviction relief under 18 U.S.C. § 2254,[3] and a legal malpractice claim.[4]

---

[1] We therefore construe his arguments liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

[2] *See Fogle v. Pierson*, 435 F.3d 1252 (10th Cir. 2006); *Fogle v. Slack*, 419 F. App'x 860 (10th Cir. 2011) (unpublished); *Fogle v. Gonzales*, 570 F. App'x 795 (10th Cir. 2014) (unpublished); *Fogle v. Infante*, No. 14-1231, 2014 WL 7139574 (10th Cir. Dec. 16, 2014) (unpublished).

[3] *See Fogle v. Estep*, 220 F. App'x 814 (10th Cir. 2007) (unpublished) (initial § 2254 petition); *Fogle v. Smelser*, 314 F. App'x 89 (10th Cir. 2008) (unpublished) (second § 2254 petition); *In re Fogle*, No. 12-1252 (10th Cir. July 3, 2012) (third § 2254 petition).

[4] *Fogle v. Elliott*, 536 F. App'x 831 (10th Cir. 2013) (unpublished).

Mr. Fogle is currently housed at the Crowley County Correctional Facility near Olney Springs, Colorado. Angelina Gonzales is Mr. Fogle's prison case manager. In March 2014, Mr. Fogle requested a copy of his official time-computation report and noticed alleged errors regarding his good-time and earned-time credits. He asked Ms. Gonzales for a grievance form to contest the report, but she refused to provide one.

Mr. Fogle filed the instant suit under § 1983, alleging Ms. Gonzales's actions violated his due process rights under the Fourteenth Amendment and Colorado state law:

> By not entering in his Earned/Good Time awards, [Ms. Gonzales] violated [Mr. Fogle]'s due process rights guaranteed by the 14th Amend. to the U.S. Const. to where he brings this complaint here trying to obtain justice *via* trying to have awarded his Good/Earned Time off his prison term that he had earn[ed] for his good behavior while he was housed [in administrative segregation].

Complaint, App. at 5.[5]

The district court dismissed Mr. Fogle's case without prejudice. It first noted any challenge to the fact or duration of his sentence could be considered only in habeas proceedings and would not be addressed in his § 1983 action. Next, the court said Mr. Fogle's due process claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his argument—that the defendant's failure to award credits "increases the

---

[5] Based on his frivolous lawsuits and the numerous strikes he has accumulated under 28 U.S.C. § 1915(g), Mr. Fogle may no longer proceed *in forma pauperis* in any future civil action or appeal in federal court unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Fogle v. Elliott*, 536 F. App'x at 832 (first strike); *Fogle v. Gonzales*, 570 F. App'x at 797-98 (second and third strikes); *Fogle v. Infante*, 2014 WL 7139574, at *3 (fourth strike).

The district court considered the instant case, however, because Mr. Fogle pre-paid the filing fee. And we may consider this appeal because Mr. Fogle pre-paid the appellate filing fee.

duration of his incarceration"—questions the validity of "the failure to award the good and earned time credits." App. at 49-50.

Mr. Fogle now appeals.

## II. **DISCUSSION**

We affirm the district court on the alternative ground that Mr. Fogle's claim has already been decided and otherwise fails to state a claim.

Mr. Fogle claims Ms. Gonzales violated his rights by failing to apply credits and denying him a grievance. *See* Aplt. Br. at 5 (stating "[Mr.] Fogle's procedural and constitutional due process rights were violated" when Ms. Gonzales refused to "credit him earned time and good time" for his tenure in administrative segregation). He alleges his due process rights were violated when he was denied the opportunity to earn good-time and earned-time credits while in administrative segregation. *See* Complaint, App. at 5; *see also* Aplt. Br. at 3 ("[Mr.] Fogle believes he is . . . entitled to the credits in question"); Aplt. Br. at 12-28 (arguing why Colorado law creates a liberty interest in prison credits and how administrative segregation deprived him of his due process right to that liberty interest). Although his lengthy brief attempts to assert multiple issues, whether he has a due process liberty interest underlies his claim. And he has brought this claim before.

First, in 2006, he claimed "that his due process rights were violated when he was denied the opportunity to earn 'earned time' credits while in administrative segregation." *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006). The district court concluded his claim was frivolous, and we affirmed:

- 4 -

> [Mr.] Fogle has no constitutionally-protected liberty interest in earning the credits. As this court explained in *Templeman*, denying a prisoner *mandatory* earned time credits—*i.e.*, those to which he has some entitlement—would deprive him of a liberty interest if those credits advance his mandatory date of release on parole. However, where, as here, the credits are discretionarily awarded, the defendants have not deprived [Mr.] Fogle of any earned time to which he was entitled and thus no liberty interest is involved.

*Id.* at 1262 (citations and quotations omitted) (emphasis in original) (citing *Templeman v. Gunter*, 16 F.3d 367, 370 (10th Cir. 1994)).

Second, Mr. Fogle sued Ms. Gonzales earlier this year, relying on the same facts arising from the same incident as in the instant case. *See Fogle v. Gonzales*, 570 F. App'x 795, 796 (10th Cir. 2014). He alleged that when he asked her for a grievance form to contest his time-computation report and she refused to provide one, Ms. Gonzales violated his First Amendment rights by preventing his access to the courts and retaliating against him. We affirmed the district court's decision to dismiss the claim as frivolous and awarded him a strike under 28 U.S.C. § 1915(g). *See id.* at 797-98. He also claimed "Colorado law gives him a constitutionally protected right to good-time credits" and "earned-time credits." *Id.* at 796. We rejected those arguments because "[a]s for [Mr.] Fogle's good-time and earned-time arguments, those claims were never raised in the district court. For the most part, we will not review a claim raised for the first time on appeal, and we see no reason to depart from that rule here." *Id.* (citation omitted).

His instant attempt to raise these same arguments fails yet again, whether based on res judicata, precedent, or both. His due process claim fails for the same reasons we expressed in 2006: "where, as here, the credits are discretionarily awarded, 'the

- 5 -

defendants have not deprived [Mr.] Fogle of any earned time to which he was entitled' and thus no liberty interest is involved." *Fogle v. Pierson*, 435 F.3d at 1262 (quoting *Templeman*, 16 F.3d at 370).  Mr. Fogle has not and cannot show he has a liberty interest in accruing credits during his administrative segregation.  *See Kodama v. Johnson*, 786 P.2d 417, 419 (Colo. 1990) (en banc) ("An inmate does not have a constitutional right to good time credit.").

For the foregoing reasons, we dismiss the appeal.  We also conclude this appeal is frivolous under 28 U.S.C. § 1915 and counts as a strike.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious . . . .").

## III. **CONCLUSION**

We dismiss Mr. Fogle's appeal and award him a strike under 28 U.S.C. § 1915.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge