FILED
United States Court of Appeals
Tenth Circuit

May 2, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

AYINDE MOHN,

    Plaintiff - Appellant,

v.

RYAN ZINKE, Secretary of the Interior;
MICHAEL S. BLACK, Acting Assistant
Secretary of the Interior - Indian Affairs;
STEVEN TERNER MNUCHIN, Secretary
of the Treasury,[*]

    Defendants - Appellees.

No. 17-5002
(D.C. No. 4:16-CV-00460-TCK-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se[1] and in forma pauperis (IFP), Ayinde Mohn appeals the

dismissal of his civil action for failure to state a claim. We affirm.

---

[*] Ryan Zinke, Michael S. Black, and Steven Terner Mnuchin are substituted as defendants-appellees. *See* Fed. R. App. P. 43(c)(2).

[**] After examining the brief and appellate record, this panel unanimously determines that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Mohn's pro se filings. But it's not our role to act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Mohn brought a civil action "to redress gross breaches of trust by the United States, acting by and through the defendants," arising from the defendants' alleged mismanagement of Individual Indian Money (IIM) accounts belonging to "Celia Hardrick, Perry Hardrick, James Hardrick, Rosa Hardrick, Julia Hardrick, Lewis Hardrick, and Plaintiff Mohn." R. vol. 1, 62. Mohn sought various forms of relief on behalf of the Hardricks and himself, including "a decree ordering [d]efendants to issue 'full-blood Certificates of Degree of Indian Blood' in the name of [each Hardrick] and himself."[2] R. vol. 2, 25.

Because Mohn sought to commence his civil action IFP under 28 U.S.C. § 1915(a)(1), the district court screened Mohn's amended complaint prior to service of process. *See* § 1915(e)(2)(B)(ii) (requiring court to screen IFP complaints and dismiss action if court determines action fails to state claim upon which relief may be granted). After thoroughly reviewing Mohn's amended complaint and various documents attached to it, the court determined that Mohn failed to state any claim upon which relief could be granted.

First, the court concluded that Mohn (1) "failed to adequately allege facts demonstrating that he would be entitled to any compensation or relief as an heir of the Hardricks . . . ." R. vol. 2, 25-26. Critically, the court noted that Mohn disavowed his averment that "he is an eligible heir to [the Hardricks'] respective IIM accounts"

---

[2] The Bureau of Indian Affairs (BIA) will issue a "Certificate of Degree of Indian Blood (CDIB)" to individuals who can establish direct lineage to "an enrollee with an Indian blood degree who is listed on the *Index and Final Rolls of Citizens and Freedmen of the Cherokee Tribe* (*Final Rolls*)." R. vol. 1, 98 (citing Act of August 4, 1947, Pub. L. No. 80-336, 61 Stat. 731, 732).

by striking through that averment in his amended complaint. R. vol. 1, 78. The court further noted that while Mohn also alleged that he is a "direct lineal" descendant of "Anderson Reese, James Reese, Betsy Reese, and Jesse Reese," *id.* at 87, Mohn "failed to allege any connection between [himself] and the Hardricks, or the Reese relatives and the Hardricks," R. vol. 2, 26.

Second, the court concluded that Mohn had apparently styled his amended complaint after a class-action complaint raising claims related to mismanagement of IIM accounts and trust lands. That class action resulted in a 2009 court-approved settlement. The court noted that Mohn submitted a claim under the 2009 settlement as an heir to a deceased IIM account holder or individual Indian land owner. But his claim was denied; he was ineligible because he failed to establish he was heir to an Indian with a blood degree.[3] The court further noted that even assuming Mohn would have qualified as a class member based on his new allegations of a relationship to the Hardricks, he failed to preserve his claims when he failed to "opt out" of the 2009 settlement. *Id.* at 27.

Third, the court concluded that even assuming Mohn adequately alleged he is an heir to the Hardricks and that he had properly preserved claims already settled in the 2009 settlement, Mohn's claims nevertheless fail on the merits. The court reasoned that the documents Mohn attached to his amended complaint demonstrate

---

[3] After Mohn's settlement claim was denied, Mohn requested a CDIB from the BIA. But the BIA denied his request. Mohn subsequently filed this civil action in the Northern District of Oklahoma and "numerous other *pro se cases* in the Eastern District of Oklahoma." R. vol. 2, 18 n.1, 20-22.

that the Hardricks are listed "on the Cherokee Freedmen roll and lack a degree of Indian blood." *Id.* In fact, the records attached to Mohn's complaint demonstrate that while the Reeses are his direct lineal ancestors, the BIA denied Mohn's application for a CDIB because the Reeses are listed on the *Final Rolls* "without an Indian blood degree." R. vol. 1, 102. Instead, the BIA's denial letter explains, the Reeses are listed as "Freedmen," i.e., former slaves owned by the Cherokee who obtained Cherokee citizenship through treaties negotiated with the Cherokee when slavery was abolished after the Civil War. *Id.* at 103. Thus, the court reasoned, neither Mohn's documented relationship with the Reeses nor his alleged connection with the Hardricks would entitle him to a CDIB.

Finally, the district court noted Mohn's passing references to his own IIM account and rejected any claim Mohn might be asserting based on these references. The court reasoned that "the BIA twice concluded Plaintiff's maternal Reese relatives lacked the necessary Indian blood to qualify him for a CDIB" and that if Mohn "had his own IIM account, he could have submitted a claim [under the 2009 settlement] on that basis without regard to his ancestors." *Id.*

The court ultimately concluded that Mohn failed to state a claim upon which relief could be granted, denied Mohn's motion for IFP status, and dismissed the matter with prejudice. Mohn appeals.

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Dismissal "is proper only where it is obvious that

the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curly v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

On appeal, Mohn asserts that the district court erred in (1) disregarding the Secretary of Interior's exclusive jurisdiction over certain actions, and (2) disregarding Mohn's assertions that the defendants violated several federal statutes and decrees. The remainder of Mohn's brief directs us to various statutory and administrative provisions, asserts new, unrelated factual allegations and legal theories, and seeks certification of a class action with Mohn as the class representative. Even liberally construing Mohn's appellate brief, we fail to find any acknowledgement of, let alone coherent arguments challenging, the underlying bases for the district court's dismissal of his civil action.

In any event, having reviewed the amended complaint and the attached documents, we conclude for substantially the same reasons as the district court that sua sponte dismissal was appropriate. It's "obvious that [Mohn] cannot prevail on the facts he has alleged and [that] it would be futile to give him an opportunity to amend." *Curly*, 246 F.3d at 1281 (quoting *Perkins*, 165 F.3d at 806). Thus, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge

5