**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

AYINDE MOHN,

    Plaintiff - Appellant,

v.

RYAN ZINKE, Secretary of the Interior;
DAVID L. BERNHARDT, Deputy
Secretary of the Interior; STEVEN
TERNER MNUCHIN, Secretary of the
Treasury,

    Defendants - Appellees.

No. 17-7052
(D.C. No. 6:16-CV-00473-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

Ayinde Mohn appeals the dismissal of his claim to be the beneficiary of an

Individual Indian Money ("IIM") account. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Mohn alleges he is an enrolled member of the Cherokee Nation of Oklahoma and the beneficiary of an IIM account. He claims to be the present beneficiary of the IIM account "derived ultimately from income from the individual land allotments" to his Indian direct lineal grandparents: "Anderson Reese, James Reese, Betsy Reese and Jesse Reese." He asserts that, despite being confirmed in 1880 as Native Cherokee, the Reeses were later erroneously designated as Cherokee Freedmen by the Commission of the Five Civilized Tribes.[1] Mohn claims that because of that designation, his claim with the "Cobell v. Salazar—Indian Trust Settlement" was erroneously denied.[2]

Mohn has raised these same allegations on behalf of himself and others in numerous complaints filed throughout the federal district courts in Oklahoma. The district courts have dismissed Mohn's complaints on the grounds that he lacked standing to raise other alleged beneficiaries' rights and that he failed to state a claim for relief.

---

[1] The Commission of the Five Civilized Tribes, commonly known as the Dawes Commission, was created "to negotiate with the Creeks, Cherokees, Choctaws, Chickasaws and Seminoles for the extinguishment of tribal titles to land and the allotment of their lands in severalty." Choctaw Nation of Indians v. United States, 318 U.S. 423, 425 n.5 (1943).

[2] "The class action lawsuit of Cobell v. Salazar, 96-CV-1285 (D.D.C.), settled in 2009 pursuant to a court-approved settlement known as the Indian Trust Settlement . . . settles class claims alleging the federal government violated trust duties to individual Indian trust beneficiaries by [1] failing to provide proper accountings, [2] mismanaging [IIM] accounts, and [3] mismanaging land and other resources." Mohn v. Jewell, No. 16-CV-460-TCK-TLW, 2016 WL 7223388, at *2 (N.D. Okla. Dec. 13, 2016) (unpublished), aff'd, Mohn v. Zinke, 688 F. App'x 554 (10th Cir. 2017) (unpublished). ("Mohn I")

In this case, the district court granted the defendants' motion to dismiss for the reasons it had identified in an order dismissing Mohn's claims in another case. In Mohn v. Jewell, No. CIV-16-291-RAW (E.D. Okla. July 31, 2017), the district court concluded that Mohn lacked standing to assert claims either (1) on behalf of Blanche Youngblood Collins or Reedy Jones, or (2) through any of his ancestors. Alternatively, the district court stated that Mohn had failed to allege a plausible claim for relief. As to both standing and failure to state a claim, the district court relied on reasoning from Mohn I, 688 F. App'x 554.

In Mohn I, we held that (1) Mohn lacked standing to pursue IIM account funds on an heir theory; (2) Mohn had unsuccessfully sought funds under the Indian Trust Settlement and did not opt out of the settlement; (3) the documents attached to Mohn's complaint failed to show that the Reeses were Native Cherokee; and (4) Mohn's own submissions belied his allegation that he had any existing IIM account of his own, which he could have used for a separate claim. Id. at 556-57; see also Mohn, 2016 WL 7223388, at *4-6.

## II

On appeal, Mohn does not appear to be seeking IIM account funds for, or through, any unrelated individuals.[3] But like his other cases, he seems to be seeking funds through his grandparents—the Reeses. We have already determined that Mohn lacks standing and has failed to allege a plausible claim for recovering IIM account funds through the

---

[3] Because Mohn is pro se, we hold his pleadings to "a less stringent standard than formal pleadings drafted by lawyers" but do not "assume the role of advocate for" him. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Reeses or individually.  See Mohn I, 688 F. App'x at 557.  Thus, his "instant attempt to raise these same arguments fails yet again, whether based on res judicata, precedent, or both."  Fogle v. Gonzales, 597 F. App'x 485, 488 (10th Cir. 2015) (unpublished); see also Pyle v. Woods, 874 F.3d 1257, 1267 (10th Cir. 2017) ("The courts of appeals are not second-chance forums where litigants, whose appellate arguments are deemed unavailing, are given the opportunity to relitigate their cases in ways previously available to them.").

Although Mohn might have clarified the scope of the claims at issue in this appeal, his appellate brief merely repeats the allegations of his complaint by recounting the historical narrative of Cherokee Natives and Freedmen.  Critically, Mohn's appellate brief fails to acknowledge—let alone contest—the district court's rulings that he lacks standing and has failed to state a plausible claim for relief.  Even though Mohn is pro se, we cannot "construct[] arguments and search[] the record" on his behalf.  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

We hold that Mohn is barred from relitigating the challenges this court rejected in Mohn I, and he has not preserved any issues for review.  We affirm.

Entered for the Court


Carlos F. Lucero
Circuit Judge

4