**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ENDRE GLENN,

Plaintiff-Appellant,

and

MARGARET GLENN,

Plaintiff,

v.

DONNA KANE; NRT, LLC, d/b/a
Coldwell Banker Residential Brokerage,

Defendants-Appellees.

No. 12-4013
(D.C. No. 2:10-CV-00726-CW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

---

Plaintiff Endre Glenn appeals from the district court's grant of summary

judgment in favor of defendants Donna Kane and NRT, LLC, d/b/a Coldwell Banker

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Residential Brokerage ("Coldwell Banker"). Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## Background

Mr. Glenn hired Coldwell Banker and its agent, Ms. Kane, to list and sell a home he and his mother owned in Utah. Robin and Judith Reese ("the Buyers") submitted an offer to purchase the home. The offer was presented in the form of a state-approved Real Estate Purchase Contract ("REPC"). The REPC contained a section that allowed a buyer to cancel based on four specific categories of evaluations and inspections, 8(a)-(d), as well as a fifth category, 8(e), where the Buyers could include their own evaluations and inspections. In 8(e) the Buyers inserted the language "Any other deemed necessary by buyers." R., Doc. 15-2 at 4.

Mr. Glenn initialed each page of the REPC, including the page that contained Section 8(e), and he admitted that he was aware that the Buyers could cancel the contract based upon any test or evaluation deemed necessary by the Buyers. He agreed to the terms of the contract on December 20, 2007, and the Buyers had until January 5, 2008, to cancel the contract based upon the evaluations and inspections. As one of the evaluations under 8(e), the Buyers elected to have an appraisal done on the property. The home appraised for less than the purchase price offered in the REPC. The Buyers attempted to negotiate a lower purchase price based upon the appraisal and Mr. Glenn refused. On December 29, 2007, the Buyers cancelled the contract.

Mr. Glenn contested the Buyers' right to cancel and filed suit against the Buyers in state court seeking specific performance of the contract. He alleged that the language "[a]ny other deemed necessary" did not contemplate an appraisal as one of the tests or evaluations. Mr. Glenn was unsuccessful in the trial court and in his appeal. The Utah Supreme Court held that the contract language was broad enough to include an appraisal as an evaluation.

Mr. Glenn then filed the underlying action in federal court, bringing claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty. Defendants moved for summary judgment and the district court granted the motion. Mr. Glenn now appeals.[1]

### Discussion

Defendants argue that Mr. Glenn's appeal raises only new issues that were not presented to or decided on by the district court and therefore they should not be considered by this court. We agree.

Mr. Glenn first asserts that defendants failed to provide initial disclosures and cooperate in discovery proceedings and that the district court erred in not granting additional time for discovery. He further asserts that defendants' misconduct and non-disclosure of the facts deprived him of the opportunity to present evidence to the district court against defendants' motion for summary judgment. The record does not

---

[1] In the district court, Mr. Glenn was represented by counsel. He is proceeding pro se on appeal.

show that Mr. Glenn raised any alleged discovery violations with the district court or asked for additional time to complete discovery. We therefore decline to consider these issues for the first time on appeal. *See Tele-Commc'ns, Inc. v. Comm'r of Internal Revenue*, 104 F.3d 1229, 1232-33 (10th Cir. 1997).

Mr. Glenn next argues that the district court erred in granting summary judgment because Ms. Kane, as his real estate broker, had a fiduciary duty to disclose material facts to him as the seller, and she failed to do so. He contends that the language that was added to the tests and evaluations section—"Any other deemed necessary by the buyers"—"is a material fact the agent failed to disclose." Aplt. Br. at 8 (emphasis omitted).

To support his argument, he explains that the REPC was revised in 2008 to "add[] new language to the contract agreement to ensure the Seller received proper notice when [the] buyer canceled under the appraisal condition." *Id*. at 9. He notes that the language the Buyers added to 8(e) "allowed them to conduct their own appraisal without providing the 'Notice of Appraised Value' to the Seller." *Id*. (emphasis omitted). He contends that "[t]his is a known problem with the REPC (effective 2003) that the Department of Real Estate resolved" and "[t]he major revision corrected several known limitations with the REPC (effective 2003)." *Id*. He then refers to a Utah Division of Real Estate Newsletter from July 2008, which he attached as an exhibit to his brief, asserting that the newsletter "cited ambiguity in the REPC" that "required clarification or otherwise had an undesired or unintended

- 4 -

consequence." *Id*. He concludes this paragraph by stating that "[a]s licensed Real Estate agents in the State of Utah, Coldwell Banker had a duty and obligation to disclose these limitations and material facts about the REPC that would affect their client's interest." *Id*.

Whether this argument is a new issue raised for the first time on appeal presents a somewhat closer question. Mr. Glenn alleged in his complaint that the defendants breached their fiduciary duties by failing to notify him "that the Buyers had inserted non-standard language in the REPC allowing them to cancel the REPC based on the Buyers' disapproval of any tests or evaluations." R., Doc. 1 at 9. He argued in his opposition to summary judgment that defendants had a fiduciary duty to notify him "of anything they knew would make the REPC unenforceable." *Id*., Doc. 17 at 17. He alleged that the defendants knew that the tests or evaluations contemplated by Section 8 could include an appraisal and that they knew that an appraisal was likely to come in low in the current market conditions. He further asserted that "[a]lthough Defendants knew the appraisal would likely come in low, and knew that the buyers could cancel the contract if the appraisal was not satisfactory, they represented to [him] that it was a clean offer and would close quickly." *Id*. But in his complaint and his opposition to summary judgment, Mr. Glenn never mentioned the 2008 revisions to the REPC nor did he include the July 2008 Utah Division of Real Estate Newsletter that he has now attached to his appellate brief.

In *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993), we considered "what kind of specificity is required in the trial court in order to preserve an issue for appeal." We explained that "there are many ways in which a case may present . . . issues not passed upon below. One is a bald-faced new issue. Another is a situation where a litigant changes to a new theory on appeal that falls under the same general category as an argument presented [to the district court]." *Id*. at 722 (citation and internal quotation marks omitted). We ultimately concluded that although the defendant made reference to certain general principles before the trial court, it never presented the specific arguments it was now raising on appeal. *Id*. at 723. We therefore determined that the defendant's arguments fell "under the rule that a party may not try the case on one theory and appeal on another." *Id*. We conclude that the same analysis applies here.

"In order to preserve the integrity of the appellate structure, we should not be considered a 'second-shot' forum, a forum where secondary, back-up theories may be mounted for the first time." *Tele-Commc'ns*, *Inc.,* 104 F.3d at 1233. "[A]n issue must be presented to, considered [and] decided by the trial court before it can be raised on appeal." *Id*. (internal quotation marks omitted). Although Mr. Glenn made a related argument to the district court, he never made the specific argument to the district court that he now makes on appeal—that revisions to the REPC in 2008 demonstrate that there were problems with the 2003 version of the REPC; that these were known problems and limitations; and, as licensed real estate agents in Utah, the

defendants had a duty to disclose these known limitations and material facts about the REPC to him as the seller. In addition, the July 2008 Utah Division of Real Estate Newsletter referenced in and attached to Mr. Glenn's appellate brief is a new piece of evidence that was not presented to the district court and is not a part of the district court record. Our review on summary judgment "is confined to an examination of materials before the lower court at the time the ruling was made." *Lantec, Inc., v. Novell, Inc.,* 306 F.3d 1003, 1022 (10th Cir. 2002) (internal quotation marks omitted).

We decline to consider Mr. Glenn's new arguments and non-record evidence presented for the first time on appeal. Accordingly, we AFFIRM the judgment of the district court.

Entered for the Court

Wade Brorby
Senior Circuit Judge