FILED
United States Court of Appeals
Tenth Circuit

July 2, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RONALD JENNINGS FOGLE,

    Plaintiff - Appellant,

v.

ANGELINA GONZALES, in her
individual and official capacities as case
manager for Crowley County Correctional
Facility,

    Defendant - Appellee.

No. 14-1202
(D.C. No. 1:14-CV-01014-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT\***

---

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

Ronald Fogle is a Colorado state prisoner housed at the Crowley County Correctional

Facility near Olney Springs, Colorado. Angelina Gonzales is Fogle's case manager at the

prison.

In March 2014, Fogle received a copy of his official time-computation report and

noticed alleged errors regarding his good-time and earned-time credits. He then asked

Gonzales for a grievance form to contest the report, but she refused to provide one.

---

\* After examining the briefs and the appellate record, this panel has determined
unanimously that oral argument would not materially assist this appeal, so the case is
ordered submitted without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). This order and judgment is not binding precedent except under the doctrines of
law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth
Circuit Rule 32.1.

Six days later, Fogle filed a lawsuit in an unrelated matter against John Palomino—allegedly one of Gonzales's best friends. About two weeks after that, Fogle filed a pro se complaint against Gonzales in the United States District Court for the District of Colorado, asserting two claims under 42 U.S.C. § 1983. First, he claimed that when Gonzales denied him the grievance form, she effectively denied him access to the courts in violation of the First Amendment. Second, he alleged that Gonzales denied him the grievance form because he had sued Palomino. According to Fogle, this amounted to unlawful retaliation in violation of his First Amendment rights.

Acting sua sponte, the district court dismissed the case on the ground that Fogle's claims were frivolous. The district court did so under 42 U.S.C. § 1997e, which states that if a prisoner brings a § 1983 suit challenging his prison conditions, and the district court is satisfied that the suit is frivolous, then the district court must dismiss the suit. 42 U.S.C. § 1997e(c)(1) (2012). After the district issued its order and entered its final judgment, Fogle timely appealed.

Before us, Fogle presses five arguments: (1) the district court had no authority to dismiss his case sua sponte; (2) the district court erred in dismissing his access-to-the-courts claim; (3) Colorado law gives him a constitutionally protected right to good-time credits; (4) Colorado law gives him a constitutionally protected right to earned-time credits; and (5) the district court erred in dismissing his retaliation claim.

Fogle's first, third, and fourth arguments can be dealt with quickly. The argument that the district court had no authority to dismiss his case sua sponte is simply wrong. Section 1997e(c)(1) expressly authorizes a district court to dismiss a frivolous prisoner suit "on

its own motion." 42 U.S.C. § 1997e(c)(1) (2012). As for Fogle's good-time and earned-time arguments, those claims were never raised in the district court. For the most part, we will not review a claim raised for the first time on appeal, *see, e.g.*, *United States v. Lyons*, 510 F.3d 1225, 1238 (10th Cir. 2007), and we see no reason to depart from that rule here.

Turning to Fogle's access-to-the-courts claim, the district court correctly dismissed that claim as frivolous. A prisoner asserting such a claim must show that he was frustrated or impeded in his efforts to bring suit. *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (citing *Lewis v. Casey*, 518 U.S. 343, 351–55 (1996)). Fogle simply can't make that showing here.

True enough, under 42 U.S.C. § 1997e, a prisoner may not bring a § 1983 suit challenging his prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2012). Relying on that statute, Fogle contends that without a grievance form, he could not exhaust administrative remedies, and without exhausting administrative remedies, he could not access the courts.

But Fogle's theory is misguided. We have held that when a prison official prevents a prisoner from accessing the administrative grievance process, administrative remedies are "unavailable" such that the prisoner may proceed directly to court without first exhausting the grievance process. *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). This means that after Gonzales denied the grievance form, Fogle was free to file suit. Thus, because Gonzales's denial of the grievance form in no way prevented or hindered Fogle from bringing suit in court, his access-to-the-courts claim indisputably lacks merit.

Fogle's retaliation claim doesn't fare any better. To be sure, the First Amendment prohibits a prison official from retaliating against a prisoner for filing a lawsuit. *Penrod v. Zavaras*, 94 F.3d 1399, 1404 (10th Cir. 1996). A claim based on that prohibition consists of three elements: (1) the prisoner filed a lawsuit; (2) the defendant responded with an action that would chill a person of ordinary firmness from filing future lawsuits; and (3) the defendant's adverse action was substantially motivated as a response to the prisoner's suit. *See Gee*, 627 F.3d at 1189.

Here, Fogle has an insurmountable problem on the third element. He can't establish that Gonzales withheld the grievance form as a retaliatory response to the Palomino lawsuit because Gonzales denied the form six days *before* Fogle filed that lawsuit. Simply put, Gonzales couldn't have retaliated against Fogle for something Fogle hadn't even done yet. Thus, because Fogle can't prove that Gonzales's denial of the grievance form amounted to a retaliatory response to his suit against Palomino, his retaliation claim indisputably lacks merit and the district court correctly dismissed it as frivolous.

Fogle resists this conclusion by changing his story on appeal. Now, he says he filed a notice of claim against Palomino in March 2013, and it's that notice—not the March 2014 lawsuit—that prompted Gonzales's retaliatory denial of the grievance form. Problem is, Fogle didn't present any of this to the district court. And just as we don't entertain new arguments presented for the first time on appeal, neither do we entertain "non-record evidence presented for the first time on appeal." *Glenn v. Kane*, 494 F. App'x 916, 919 (10th Cir. 2012).

In sum, both of Fogle's claims are frivolous and the district court correctly dismissed them as such. Moreover, we think this appeal is equally frivolous and dismiss it accordingly under 28 U.S.C. § 1915(e)(2)(B)(i) (2012). Further, we deny Fogle's motion to proceed *in forma pauperis* on appeal and remind him that he is responsible for the immediate payment of the unpaid balance of the appellate filing fee.

Finally, we note that the district court's dismissal of Fogle's complaint and our dismissal of this appeal each count as a strike under 28 U.S.C. § 1915(g) (2012). And because we imposed a strike in one of Fogle's earlier appeals, *Fogle v. Elliott*, 536 F. App'x 831, 832 (10th Cir. 2013), he now has three strikes. As a result, he may not proceed *in forma pauperis* in any future civil action in federal court unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g) (2012).

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge