FILED
United States Court of Appeals
Tenth Circuit

December 16, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONALD JENNINGS FOGLE,

       Plaintiff - Appellant,

v.

RACHEL INFANTE, in her individual
and official capacities as case manager
for CCCF,

       Defendant - Appellee.

No. 14-1231
(D.C. No. 1:14-CV-01021-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Ronald Jennings Fogle, a Colorado inmate proceeding pro se, appeals the

district court's dismissal of his 42 U.S.C. § 1983 complaint as legally frivolous. He

also seeks leave to pursue this appeal in forma pauperis (IFP). Exercising jurisdiction

under 28 U.S.C. § 1291, we deny IFP and dismiss the appeal as frivolous under

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1915(e)(2)(B)(i). In addition, we impose a strike for this frivolous appeal pursuant to 28 U.S.C. § 1915(g).

## I. BACKGROUND

In this action, Fogle claims he sought to file prison grievances complaining about retaliation, staff misconduct, institutional operations, and lack of access to the courts, but he was prevented from doing so by his prison case manager, Rachel Infante. Fogle claims Infante retaliated against him for filing prison grievances by refusing to allow him to file another grievance. Fogle also asserts a claim for denial of access to the courts, arguing his inability to file a grievance prevented him from exhausting prison grievance procedures, which in turn prevented him from accessing the courts.

On its own motion, the district court dismissed this action as legally frivolous pursuant to 42 U.S.C. § 1997e(c)(1). That statute directs a court to dismiss any prisoner action brought under § 1983 "with respect to prison conditions" if the action "is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." The district court also denied Fogle leave to proceed IFP on appeal, concluding Fogle could not take an appeal in good faith under 28 U.S.C. § 1915(a)(3). Fogle appeals, renewing his claims of retaliation and denial of access to the courts. He further claims that because he paid the filing fee, the district court could not dismiss his action under the

- 2 -

Prison Litigation Reform Act (PLRA), and the court should have invited him to amend his complaint before dismissing his case.

## II.    DISCUSSION

As noted, the district court invoked § 1997e of the PLRA in dismissing this action. In addition, 28 U.S.C. §§ 1915 and 1915A apply to prisoner suits. Section 1915(e)(2)(B) provides for dismissal if the court determines the action is frivolous, while § 1915A(a) directs the court to review a prisoner complaint either before docketing or "as soon as practicable after docketing" to ascertain whether the complaint is frivolous.

We have construed Fogle's complaint liberally, noting the rules of procedure apply to all litigants and the court may not act as an advocate for a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). We generally review a district court's dismissal for frivolousness under the PLRA for abuse of discretion, but when the determination is based on an issue of law, our review is de novo. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). Under either standard, we conclude the district court properly dismissed this case.

Fogle argues that because he paid the filing fee in the district court, the court improperly dismissed his complaint without requiring the defendants to respond. But § 1915A's directive to screen out frivolous lawsuits "applies to all prison litigants,

without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee." *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000). And § 1915(e)(2) explicitly forecloses Fogle's argument: "*Notwithstanding any filing fee, or any portion thereof, that may have been paid*, the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious." (emphasis added). Accordingly, we reject this argument.

Next, Fogle argues Infante denied him his constitutional right of access to the courts when she refused to provide him with a grievance form. Notably, Fogle recently filed an identical claim against a different prison official, which we concluded was frivolous. *See Fogle v. Gonzales*, 570 F. App'x 795, 797 (10th Cir. 2014). As we explained there, "when a prison official prevents a prisoner from accessing the administrative grievance process, administrative remedies are 'unavailable' such that the prisoner may proceed directly to court without first exhausting the grievance process." *Id.* at 797 (citing *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)). As in *Gonzales*, because Fogle alleges Infante denied him a grievance form, Fogle was not required to exhaust the grievance process before seeking access to the courts. Accordingly, he could not have been prevented access to the courts. *See id.*

Fogle further contends Infante refused to give him a grievance form in retaliation for his previous filing of lawsuits and grievances. "It is well-settled that prison officials may not retaliate against or harass an inmate because of the inmate's

- 4 -

exercise of his right of access to the courts." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (brackets and internal quotation marks omitted); *see also Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991) (holding officials may not retaliate against prisoners for filing administrative grievances). To establish a retaliation claim, Fogle must show: (1) that he was engaged in constitutionally protected activity; (2) that Infante's actions caused him to suffer an injury that "would chill a person of ordinary firmness from continuing to engage in that activity;" and (3) that Infante's adverse action was substantially motivated as a response to Fogle's exercise of constitutionally protected conduct. *Shero v. City of Grove*, *Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007). See also *Gee*, 627 F.3d at 1189 (applying same test to prisoner claims under 42 U.S.C. § 1983).

The district court determined that refusing to give a prisoner a grievance form was not the type of injury that would chill a person of ordinary firmness from exercising their constitutional rights. We agree. *Cf. Milligan v. Archuleta*, 659 F.3d 1294, 1296 (10th Cir. 2011) (concluding prisoner's claim that he lost his prison job in retaliation for filing grievance was not frivolous); *Gee*, 627 F.3d at 1189 (finding prisoner's claim that he would be transferred to an out-of-state supermax prison was sufficient to chill a person of ordinary firmness from continuing the protected activity). The district court thus properly dismissed Fogle's retaliation claim as frivolous.

Fogle next asserts the district court improperly dismissed his complaint without giving him an opportunity to amend. A district court need not permit an opportunity to amend when "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). As discussed, it is obvious that it would have been futile here for the district court to afford Fogle an opportunity to amend his complaint. Further, after the district court dismissed his complaint, Fogle did not file a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or for relief from the judgment under Fed. R. Civ. P. 60(b) suggesting dismissal was erroneous. *See Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (noting that litigants have post-judgment procedural safeguards to avoid erroneous sua sponte dismissals of complaints under § 1915).

## III.  CONCLUSION

This appeal is dismissed as frivolous and counts as a strike. We note that Fogle accumulated three strikes shortly before he filed this action. *See Fogle*, 570 F. App'x at 797-98. Consequently, he may not proceed IFP in any future civil action or appeal in federal court unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Fogle's motion to proceed IFP on appeal is denied. He has not offered "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th

- 6 -

Cir. 1997) (internal quotation marks omitted). Therefore, immediate payment of the unpaid balance of the appellate filing fee is due.

Entered for the Court


Nancy L. Moritz
Circuit Judge