FILED
United States Court of Appeals
Tenth Circuit

January 10, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

ENDRÉ GLENN,

     Plaintiff - Appellant,

v.

BRENNAN H. MOSS; PIA ANDERSON
DORIUS REYNARD & MOSS, LLC,

     Defendants - Appellees.

No. 18-4033
(D.C. No. 2:15-CV-00165-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **MATHESON**, Circuit Judges.
_____

Endré Glenn, proceeding pro se, appeals from the district court's grant of

summary judgment in favor of defendants Brennan H. Moss and the law firm of Pia

Anderson Dorius Reynard & Moss on his legal malpractice claim.[1]  Mr. Glenn also

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Glenn appears pro se, we construe his filings liberally, but "this court has repeatedly insisted that pro se parties follow the same rules of procedure

appeals the denial of his post-judgment motions.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  **BACKGROUND**

In 2007, Mr. Glenn entered into a real estate purchase contract (REPC) with the Reeses (the Buyers) to sell a residential property to them.  The purchase fell through after the Buyers obtained an unfavorable appraisal of the property and cancelled the contract. The Buyers cited a provision in the REPC allowing for cancellation based upon evaluations and inspections deemed necessary by the Buyers.  Since then, Mr. Glenn has filed three lawsuits concerning the cancelled purchase.

First, Mr. Glenn sued the Buyers in Utah state court for breach of contract, breach of good faith and fair dealing, and specific performance (the Buyer Action). Mr. Glenn lost at trial and on appeal.  The Utah Supreme Court held that the terms of the real estate contract were unambiguous and the Buyers were able to cancel the contract based upon the evaluations and inspections provision in the REPC.  *Glenn v. Reese*, 225 P.3d 185, 192 (Utah 2009).

---

that govern other litigants."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets and internal quotation marks omitted).  "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Id.* (internal quotation marks omitted).

Second, Mr. Glenn sued Coldwell Banker and his real estate broker, Donna Kane, in Utah federal district court (the Agent Action) for breach of contract, breach of good faith and fair dealing, and breach of fiduciary duty, claiming the provision used by the Buyers to cancel the REPC was non-standard and that Ms. Kane had a duty to point it out to him and advise of its potential implications. The defendants moved for summary judgment, and the district court granted the motion. The court found there was no admissible evidence of damages because they were too speculative; the broker did not have a duty to notify Mr. Glenn of the provision at issue; Mr. Glenn was "charged with having read the contract," R. at 630; and he could have countered the provision before accepting the offer. Mr. Glenn appealed, and we affirmed. *Glenn v. Kane*, 494 F. App'x 916, 919 (10th Cir. 2012).

Third, Mr. Glenn filed the underlying action in federal district court against the attorney and his law firm who represented him in the Agent Action. He sued for professional negligence (legal malpractice), breach of fiduciary duty, breach of contract, and breach of good faith and fair dealing. Defendants filed a motion for summary judgment, which the district court granted. Mr. Glenn filed several post-judgment motions seeking a new trial or relief from judgment, which the district court denied. Mr. Glenn now appeals the grant of summary judgment to defendants and the denial of his post-judgment motions.

## II. **DISCUSSION**

### A. *Orders Denying Extension to File Expert Report and Granting Summary Judgment*

#### 1. **Legal Background**

Mr. Glenn's principal argument on appeal is that the district court erred in declining to grant him an extension of time to submit an expert witness report, which, he claims, would have created a genuine issue of material fact to defeat summary judgment. We review a decision to deny an extension of time for discovery for abuse of discretion. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1149 (10th Cir. 2006); *Davoll v. Webb*, 194 F.3d 1116, 1139 (10th Cir. 1999). "As a general rule, discovery rulings are within the broad discretion of the trial court," *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994), and "will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances," *id.* (internal quotation marks omitted).

Mr. Glenn also challenges the summary judgment order. We review the district court's grant of summary judgment de novo, viewing the evidence and drawing all reasonable inferences in favor of the nonmoving party. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015). "The court shall grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

4

## 2. Additional Background

Mr. Glenn filed his complaint in March 2015. The district court entered a scheduling order setting a January 15, 2016, deadline for written discovery and a February 15, 2016, deadline for fact discovery and submission of expert reports. On February 10, 2016, Mr. Glenn moved for an extension of time to complete discovery, noting that he was waiting on a response to his records request to the Utah Division of Real Estate, which he needed to respond to defendants' timely-served discovery requests. The motion did not mention needing additional time to secure expert witnesses.

Between February 18 and February 23, 2016, more than one month past the deadline for written discovery, Mr. Glenn served written discovery requests on defendants and third parties. The magistrate judge eventually granted in part Mr. Glenn's motion for extension of time and instructed the parties to complete discovery by July 1, 2016. She "caution[ed] both parties to follow the rules of procedure" and "urged [them] to timely comply with [the] Order and the Federal Rules of Civil Procedure for the duration of this ligation." R. at 528.

On July 27, 2016, the magistrate judge held a scheduling conference and entered an amended scheduling order further extending the expert-witness-report deadline to September 1, 2016, to accommodate Mr. Glenn. On August 16, 2016, Mr. Glenn filed another motion to extend discovery, requesting additional time to submit expert witness reports.

5

On September 23, 2016, the magistrate judge denied this third request for additional time to conduct discovery, which was filed three weeks after the amended scheduling order was entered. The magistrate judge explained, "In actuality, [Mr. Glenn] seeks to amend the scheduling order in this case, which requires a finding of good cause" under Fed. R. Civ. P. 16, R. at 654.[2] Mr. Glenn's motion for extension of time stated that he was "actively seeking an expert witness to . . . defend against the Defendant's anticipated motion for summary judgment." But it did not explain his inability to secure an expert witness within the already-extended deadlines set by the court sufficient to establish good cause. Supp. R. at 9-10. The magistrate judge concluded, because "[Mr. Glenn] has already had two bites at the apple . . . there is not good cause to amend the recently entered Amended Scheduling Order." R. at 655.

Mr. Glenn objected to this ruling, citing the need for an expert to review deposition transcripts that he had not yet obtained. The district court overruled Mr. Glenn's objection and affirmed the magistrate judge's order, finding that "deadline extensions have been liberally granted to Mr. Glenn in the past due to his status as a pro se litigant" and that Mr. Glenn had failed to "argue or even point out

---

[2] Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."

how the [magistrate judge's] Order is clearly erroneous or contrary to law." R. at 1441-42.

On September 30, 2016, even though the magistrate judge had denied Mr. Glenn's motion to amend the scheduling order on September 23, 2016, Mr. Glenn filed an untimely expert witness report, along with another motion to extend the expert witness report deadline. On February 1, 2017, the magistrate judge denied the motion as duplicative of the previous motion.

3. **Analysis**

On appeal, Mr. Glenn challenges the order denying an extension to file an expert witness report and the order granting summary judgment. He points to a deposition transcript that he claims his expert needed to review before submitting his report as the reason for needing an additional extension of time. But the transcript at issue was available by the time of the scheduling conference on July 27, 2016. R. at 1381-82. Mr. Glenn provides no explanation as to why his proposed expert could not have reviewed the transcript well before the September 1 deadline for his expert report, even if the transcript was not yet in a format acceptable for filing. Moreover, the expert report that was eventually produced did not even appear to rely on the transcript.

Mr. Glenn also criticizes the district court's rulings on several motions to compel and to quash and complains about the defendants' and third parties' participation in discovery. But he fails to show good cause sufficient to justify

7

another discovery extension. As noted above, the magistrate judge extended discovery deadlines twice to accommodate Mr. Glenn, allowing him approximately eighteen months from the filing of his complaint to secure expert witnesses.

Because Mr. Glenn "has offered no colorable reason why the discovery deadline should have been extended," *Bolden*, 441 F.3d at 1151, the district court did not abuse its discretion in finding that Mr. Glenn failed to show good cause for a third discovery extension. The expert witness report was properly excluded as untimely and, therefore, it could not create a genuine issue of material fact. Because there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law, the district court properly granted summary judgment to defendants.[3]

## B. *Denial of Post-Judgment Motions*

Mr. Glenn filed several duplicative post-judgment motions requesting relief under Fed. R. Civ. P. 59(a) and 60(b)(2) based on newly discovered evidence and

---

[3] Mr. Glenn also contends the district court's entry of summary judgment violated his Seventh Amendment right to a jury trial. But as we have explained, summary judgment was appropriate here, and "[t]he Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001).

under Fed. R. Civ. P. 60(b)(3) based on fraud. We affirm the district court's denial of the post-judgment motions.

1. **Newly Discovered Evidence**

Mr. Glenn styled his "newly discovered evidence" filings as motions for a new trial or to reopen the case under Rule 59(a) and for relief from judgment under Rule 60(b)(2). "Technically, [a Rule 59(a)] motion was improper as no trial was conducted from which a new trial motion could be filed." *Jones v. Nelson*, 484 F.2d 1165, 1167 (10th Cir. 1973). Although the district court analyzed Mr. Glenn's purported Rule 59(a) motion under that rule, "[b]ecause . . . the motion seeks to alter the substantive ruling of the district court, we construe the plaintiff's motion as a motion to alter or amend the judgment pursuant to Rule 59(e)," *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). "A party can seek relief based on newly discovered evidence under either [Rule] 59(e) or 60(b)(2)." *FDIC v. Arciero*, 741 F.3d 1111, 1117 (10th Cir. 2013). "We review the district court's decision under either rule for abuse of discretion." *Id.*

"[I]t is well-settled that the requirements for newly discovered evidence are essentially the same under Rule 59(e) and 60(b)(2)." *Id.* Relief is available under either rule only if (1) the evidence was newly discovered since entry of summary judgment; (2) the moving party was diligent in discovering the new evidence; and (3) the newly discovered evidence would probably produce a different result. *See Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213

(10th Cir. 2012) (Rule 59(e)); *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (Rule 60(b)).

Mr. Glenn proffered three affidavits—from the Buyer, the real estate broker, and the appraiser in the original Buyer Action. He claims this was newly discovered evidence showing fraudulent misrepresentation on the part of the Buyers. But these affidavits were part of the state court record in the Buyer Action. Mr. Glenn could have discovered and proffered them well before summary judgment was entered in this case. Because Mr. Glenn cannot meet the newly discovered evidence standard contemplated by Rules 59 and 60, the district court did not abuse its discretion in denying the motions.

2. **Fraud**

Mr. Glenn's post-judgment filings also alleged claims under Rule 60(b)(3), which allows for relief from judgment due to "fraud . . ., misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3). We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

In Mr. Glenn's request for relief in the district court, he argued the Buyers behaved fraudulently and materially misrepresented themselves. The district court denied the motions, finding Mr. Glenn failed to "show[] fraud, misrepresentation, or misconduct ***by the defendants*** [in this case] to justify relief from judgment." R. at 1880; *see also id.* at 1831 (same). On appeal, Mr. Glenn has abandoned this

argument and instead contends he is entitled to Rule 60(b)(3) relief based on 47 exhibits to his original complaint that "[a]pparently . . . vanished which only benefited the defendant/appellee." Aplt. Br. at 22.

This argument was not raised in the district court. "Generally, [we] will not consider an issue raised for the first time on appeal," *Tele-Commc'ns, Inc. v. Comm'r*, 104 F.3d 1229, 1232 (10th Cir. 1997). "[W]e should not be considered a second-shot forum, a forum where secondary, back-up theories may be mounted for the first time." *Id.* at 1233 (internal quotation marks omitted). Mr. Glenn argues that "extenuating circumstances prevented him from presenting the issue at the trial level" because he "was not aware of 'Fraud upon the Court' until he received the March 13, 2018 Appellate Record where he noticed the complaint he filed on March 15, 2015 did not include the 47 Exhibits filed with the case." Reply Br. at 7.

Even accepting Mr. Glenn's reason for failing to raise this argument in the district court, we conclude he has waived it due to inadequate briefing. Mr. Glenn's new fraud argument, which consists of the wholly unsupported claim that defendants "ensured this evidence was excluded," Aplt. Br. at 4, and "subverted evidence by removing the 47 exhibits filed with the court," Reply Br. at 7, amounts to no more than "[m]ere conclusory allegations[, which] . . . does not constitute adequate briefing," *MacArthur v. San Juan Cty.*, 495 F.3d 1157, 1160-61 (10th Cir. 2007) (internal quotation marks omitted). Accordingly, the district court did not abuse its discretion in denying Mr. Glenn's Rule 60(b)(3) motions.

## III.  **CONCLUSION**

We affirm the district court's judgment.


Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge