FILED
United States Court of Appeals
Tenth Circuit

February 14, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CALVIN JOHNSON,

     Plaintiff - Appellant,

v.

RICK RAEMISCH; DONNA SIMS; JANE
DOE; JANE DOE,

     Defendants - Appellees.

No. 18-1094
(D.C. No. 1:17-CV-03065-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Calvin Johnson, a state prisoner proceeding pro se,[1] challenges the district

court's dismissal of his 42 U.S.C § 1983 lawsuit for frivolousness under 28 U.S.C.

§ 1915(e)(2)(B)(i). He also moves to proceed *in forma pauperis* (IFP) on appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But we won't serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Exercising jurisdiction under 28 U.S.C. § 1291, we grant Johnson's IFP motion but affirm the dismissal of Johnson's claims.

## BACKGROUND

On February 14, 2018, Johnson filed a Second Amended Complaint against Rick Raemisch, the Executive Director of Colorado Prisons; Donna Sims, a Sterling Correctional facility employee; and two Jane Does, also Sterling Correctional Facility employees, all in their individual and official capacities, under 42 U.S.C. § 1983. Johnson complained that he "was shorted a combined 80¢ worth of [his] unassigned inmate state pay." ROA at 45. Based on that allegation, he asserted various due-process claims.

First, Johnson alleged that Raemisch violated his due-process rights "by signing rules into effect that ha[ve] contradictory wording in 'AR-850-03' that cause[] inmate banking staff to misinterpret the rules." *Id.* at 48. Second, he alleged that he complained about his missing unassigned inmate pay to Sims, who purportedly responded that his inmate pay "[was] calculated correctly." *Id.* at 46. Third, Johnson alleged that Jane Doe violated his due process rights

> by changing the interpretation of 'AR-850-03' from meaning that unassigned inmate pay is exempt from the codes deducting money for being 'out-to-court' to instead making unassigned pay subject to the codes in 'AR-850-03' and deducting money from [his] unassigned pay in [D]ecember 2017 for one day of [his] being 'out to court' for two weeks.

*Id.* Fourth, he alleged that "another 'Jane Doe' or the same 'Jane Doe'" violated his due process rights "by removing money from [his] unassigned pay for what looks

like the code about being on 'RFP' status." *Id.* Though she isn't listed as a defendant, Johnson alleges that a case manager, identified only as "[T]oohey," violated his due-process rights by refusing to mail, or to give him a "step-two" grievance form, with which to complain. Last, Johnson argued that the law library is inadequate, which violates his right to access the courts.

The district court dismissed the complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and entered judgment by separate order. The district court concluded that Johnson couldn't sue the defendants in their official capacities, because that would require construing Johnson's allegations as claims against the Colorado Department of Corrections, which is immune under the Eleventh Amendment. As to Johnson's individual capacity claims, the court found that Johnson had failed to demonstrate the absence of an adequate post-deprivation state remedy. As such, the district court rejected Johnson's motion to proceed IFP on appeal, certifying that any appeal wouldn't be taken in good faith. This appeal followed.

## DISCUSSION

We review for an abuse of discretion a district court's dismissal of a prisoner's complaint for frivolousness under 28 U.S.C. § 1915(e)(2)(B)(i). *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006) (citing *Fratus v. Deland*, 49 F.3d 673, 674 (10th Cir. 1995)). But where the district court based its frivolousness dismissal on a legal issue, we review the dismissal de novo. *Id.* (citing *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003)). "A district court may deem an [IFP] complaint

3

frivolous only 'if it lacks an arguable basis either in law or in fact.'" *Id.* (quoting

*Fratus*, 49 F.3d at 674). Therefore, "dismissal is only appropriate 'for a claim based

on an indisputably meritless legal theory' and the frivolousness determination

'cannot serve as a factfinding process for the resolution of disputed facts.'" *Id.*

(quoting *Fratus*, 49 F.3d at 674). However, simply failing to state a claim does not

rise to the level of frivolousness. *Neitzke v. Williams*, 490 U.S. 319, 325–30 (1989).

We first consider Johnson's claims against the defendants, both in their official

and individual capacities. Next, we consider his IFP motion. Last, we consider the

Prison Litigation Reform Act's (PLRA) relevance to this appeal.

**(a)      Official-Capacity Claims**

Here, Johnson contends he can sue the defendants in their official capacities

under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658

(1978). The Eleventh Amendment bars suits against states under 42 U.S.C. § 1983

"unless the State has waived its immunity." *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 66 (1989) (citing *Welch v. Tex. Dep't of Highways and Pub. Transp.*, 483

U.S. 468, 472–73 (1987) (plurality opinion)). A suit against a state official "in his or

her official capacity is not a suit against the official but rather is a suit against the

official's office." *Id.* at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). The

Supreme Court has held that 42 U.S.C. § 1983 did not abrogate states' sovereign

immunity, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and Johnson cites no authority

for the proposition that Colorado has waived its immunity under § 1983. *See Ruiz v.*

4

*McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *Griess v. Colorado*, 841 F.2d 1042, 1044 (10th Cir. 1988).

Johnson's position is "indisputably meritless." *See Fogle*, 435 F.3d at 1259. Because there is no indication that Colorado has waived its Eleventh Amendment immunity from federal suits, the district court correctly concluded that Johnson couldn't sue the defendants in their official capacities.

**(b)    Individual-Capacity Claims**

On appeal, Johnson argues that the defendants' deprivation of his unassigned pay and Toohey's refusals to let him proceed in the grievance process constitute due process violations. He also argues that he lacks an adequate state-court remedy because Colorado state courts are "strict about documents filed instead of treating them liberally like federal courts." Appellant's Opening Br. at 8. Last, Johnson requests that we allow him to either introduce slightly new claims on appeal or file a third amended complaint in the district court incorporating those new arguments.

"The intentional deprivation of property is not a fourteenth amendment violation if adequate state post-deprivation remedies are available." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). Colorado law permits prison inmates to file suit against state actors in their individual capacity when they "willful[ly] and wanton[ly]" cause injuries." Colo. Rev. Stat. Ann. § 24-10-105(1). And it permits pro se filings and waiver of costs and expenses in civil actions for poor persons. *Id.* at § 13-16-103(1);

5

*Durre*, 869 F.2d at 547. Accordingly, indigence, lack of counsel, and confinement do not render a state post-deprivation remedy inadequate. *See id*.

We agree with the district court that Johnson has failed to demonstrate that a state-court suit is an inadequate remedy to vindicate his due-process claims against defendants in their individual capacities. That Colorado state courts won't construe his claims as liberally as he would prefer doesn't suffice to show inadequacy.[2] However, we disagree with the district court's conclusion that this claim is frivolous. Johnson's argument that his Colorado state-court remedy is inadequate isn't based on "fantastic or delusional scenarios." *See Williams*, 490 U.S. at 328. We therefore affirm the district court's dismissal of Johnson's individual capacity claims based on his failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotations omitted).

As to his request that we consider new arguments for the first time on appeal, we generally won't, and we decline to do so now. *Fogle v. Gonzales*, 570 F. App'x 795, 796 (10th Cir. 2014) (citing *United States v. Lyons*, 510 F.3d 1225, 1238 (10th Cir. 2007)). Likewise, we deny his request to file a Third Amended Complaint.

---

[2] We note that in a previous appeal brought by Johnson concerning a due process violation over inmate pay, a panel of this court concluded that the district court abused its discretion when it dismissed Johnson's lawsuit for frivolousness, without permitting him to amend his complaint or considering whether such an amendment would be futile. *Johnson v. Whitney*, 723 F. App'x 587, 594 (10th Cir. 2018). That isn't a concern here, however, because the district court ordered Johnson to file a Second Amended Complaint and explained to him the deficiencies in his First Amended Complaint. Because Johnson's Second Amended Complaint remained deficient, the district court dismissed it.

**(c) IFP Motion**

Johnson moves to proceed IFP on appeal. To do so he must demonstrate (1) a financial inability to prepay the required appellate filing fee, and (2) that he has provided a "reasoned, nonfrivolous argument on the law and facts in support" of his appeal. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). Because Johnson lacks the funds to prepay the entire filing fee and has, as previously explained, raised at least one nonfrivolous argument on appeal, we grant his IFP motion. *See id.*

**(d) PLRA**

Johnson acquired his first strike under the PLRA in *Johnson v. Doe*, No. 17-CV-2800-LTB (D. Colo. Jan. 16, 2018), *aff'd* No. 18-1038 (10th Cir. July 10, 2018) (unpublished) (modifying dismissal from frivolous under § 1915(e)(2)(B)(i) to failure to state a claim under § 1915(e)(2)(B)(ii), which is still an enumerated ground under § 1915(g)). And although we affirm the district court's judgment here on different grounds, he acquired another strike when the district court in the present case dismissed his claims as frivolous. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."); *Jennings v. Natrona Cty. Detention Ctr.*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we affirm a district court dismissal [for failure to state a claim] under 28 U.S.C. § 1915(e)(2)(B), the district court dismissal then counts as a single strike."), *overruled in part on other grounds*, *Coleman*, 135 S.

Ct. at 1763. However, because we conclude that this appeal is nonfrivolous, we do not impose another strike here.[3] *See id.*

## CONCLUSION

The judgment of the district court is affirmed for failure to state a claim, and Johnson's motion to proceed IFP is granted.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] We note, however, that since filing this appeal Johnson has acquired several more strikes. *See Johnson v. Raemisch*, No. 17-cv-3065 (D. Colo. Feb. 27, 2018) (dismissed as legally frivolous), *on appeal,* No. 18-1094 (10th Cir.); *Johnson v. Soucie*, No. 17-cv-3093 (D. Colo. Mar. 19, 2018) (dismissed as legally frivolous and as seeking monetary damages from immune defendants), *appeal dismissed for failure to prosecute*, No. 18-1152 (10th Cir. June 13, 2018); *Johnson v. Gallagher*, No. 18-cv-377 (D. Colo. March 22, 2018) (dismissed as legally frivolous and as seeking monetary damages from immune defendants), *appeal dismissed for failure to prosecute*, No. 18-1153 (10th Cir. June 13, 2018); *Johnson v. Gallagher*, No. 18-cv-424 (D. Colo. March 22, 2018) (dismissed as legally frivolous and as seeking monetary damages from immune defendants), *appeal dismissed for failure to prosecute*, No. 18-1151 (10th Cir. June 13, 2018); *Johnson v. Raemisch*, No. 18-cv-425 (D. Colo. April 4, 2018) (dismissed as legally frivolous and as seeking monetary damages from immune defendants), *appeal dismissed for failure to prosecute*, No. 18-1167 (10th Cir. May 22, 2018); *Johnson v. Overturf*, No. 18-cv-195 (D. Colo. April 9, 2018) (dismissed as legally frivolous and as seeking monetary damages from immune defendants), *appeal dismissed for failure to prosecute*, No. 18-1169 (10th Cir. May 22, 2018); *Johnson v. Gallagher*, No. 18-cv-427 (D. Colo. April 12, 2018) (dismissed as legally frivolous and as seeking monetary damages from immune defendants), *appeal dismissed for failure to prosecute,* No. 18-1168 (10th Cir. May 22, 2018); *Johnson v. Watanabe*, No. 18-cv-942 (D. Colo. April 26, 2018) (dismissed as legally frivolous and malicious and as asserted against defendants entitled to immunity) (no appeal); *Johnson v. Mix*, No. 18-cv-943 (D. Colo. May 3, 2018) (dismissed as legally frivolous and malicious or asserted against defendants entitled to immunity) (no appeal).