FILED
United States Court of Appeals
Tenth Circuit

April 12, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BAYLIN KYLE,

    Defendant - Appellant.

No. 20-1109
(D.C. No. 1:07-CR-00183-REB-9)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

This matter is before us on Baylin Kyle's appeal of the denial of his motion for

a reduction of his sentence, pursuant to the First Step Act of 2018 and 18 U.S.C.

§ 3582(c)(2).  Also before us is a motion to withdraw filed by Kyle's counsel,

accompanied by a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  We

DISMISS Kyle's appeal and GRANT counsel's motion to withdraw.

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In 2007, Kyle pled guilty to, and was convicted of, three drug-trafficking and firearm-related offenses. Specifically, Kyle was convicted of:

> Count One: 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), 851 and 18 U.S.C. § 2, Conspiracy to Distribute and to Possess with Intent to Distribute One or More of the Following: 5 Kilograms and [sic] More of Cocaine and 50 Grams and [sic] More of Cocaine Base and Aiding and Abetting;

> Count 2: 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 851 and 18 U.S.C. § 2, Distribution and Possession with Intent to Distribute More than Fifty Grams of a Substance and [sic] Mixture Containing a Detectable Amount of Cocaine Base, "Crack Cocaine," a Schedule II Controlled Substance, and Aiding and Abetting; [and]

> Count 6: 18 U.S.C. §§ 924(c)(1)(A) and (c)(2), Possession of One or More Firearms in Furtherance of a Drug Trafficking Crime.

*See* ROA, Vol. I at at 195–96.

The district court sentenced Kyle to two concurrent 240-month terms of imprisonment on Counts 1 and 2; the district court also sentenced Kyle to a consecutive 60-month term of imprisonment on Count 6, for a total operative sentence of 300 months (25 years). *Id.* at 197. In doing so, the district court varied downward from the Guidelines range of 324 to 405 months on Counts 1 and 2, which was to be followed by a consecutive sentence of 60 months on Count 6. *Id.* at 204; *see also id.* at 315–16 & n. 7. Kyle's sentence reflected the statutory mandatory minimums at the time.

In 2019, Kyle moved for a reduced sentence pursuant to the First Step Act. The government opposed Kyle's motion, asserting that "[Kyle] is not eligible for relief pursuant to the First Step Act since his case does not involve a 'covered offense' within the meaning of the Act." *Id.* at 226.[1] In support of its position, the government looked beyond the charges underlying Kyle's plea to the factual admissions contained in his plea agreement. Kyle admitted in the plea agreement that the conspiracy at issue involved the possession and distribution of more than 5 kilograms of cocaine. *Id.* at 163. Thus, the government argued, even if the Fair Sentencing Act had been in effect at the time of Kyle's trial, as contemplated by the First Step Act, he still would have received a 240-month sentence because he admitted responsibility for more than 280 grams of cocaine base. The government also asserted that, even if Kyle were eligible for relief, a different sentence was unwarranted.

The district court denied Kyle's motion. In doing so, the district court observed that this Circuit had not yet addressed whether courts may look beyond the

---

[1] Section 404(a) of the First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Pub. L. No. 115-391, 132 Stat. 5222 (2020).

Section 2 of the Fair Sentencing Act amended section 401(b)(1) of the Controlled Substances Act, 21 U.S.C. § 841(b)(1), by "increas[ing] the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 of the Fair Sentencing Act "eliminated the 5-year mandatory minimum for simple possession of crack." *Id.*

language of the indictment and consider offense conduct when determining whether a conviction involved a "covered offense" under the First Step Act. *Id.* at 316–18. The district court declined to resolve that question because it found that, even if Kyle were eligible for relief, "it would not be appropriate to exercise [the district court's] sentencing discretion [to] provide Mr. Kyle a downward variance similar to that he received at the time of sentencing." *Id.* at 319. The district court went on to explain that "[n]othing in the nature and circumstances of this offense or the history and characteristics of Mr. Kyle warrants a lesser sentence than the mandatory minimum he actually received." *Id.* Kyle did not move for reconsideration. He then appealed the district court's ruling to this court.

On appeal, Kyle's counsel moved to withdraw pursuant to *Anders v. California*, asserting that there were no non-frivolous issues for appeal. Kyle responded to his counsel's *Anders* brief; the government agreed with Kyle's counsel and declined to file a response brief.

**Discussion**

An attorney may withdraw from a case on appeal when, after "conscientious examination," he or she has found an appeal to be "wholly frivolous." *Anders*, 386 U.S. at 744. A motion to withdraw pursuant to *Anders* must be accompanied by a brief referring to "anything in the record that could arguably support the appeal." *Id.* The defendant-appellant must be provided a copy of the brief and allowed time to respond. *Id.* "[T]he court . . . then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* If the court

4

determines that the appeal is frivolous, "it may grant counsel's request to withdraw and dismiss the appeal." *Id.*

Counsel asserts that any challenge to the district court's assumption that Kyle is eligible for First Step Act relief would be frivolous. We agree. The district court assumed, arguendo, that Kyle was eligible for relief under the First Step Act. Therefore, any error in assuming Kyle's eligibility would have been indisputably harmless, given that Kyle benefited from that assumption. *See United States v. Ortiz*, 611 F. App'x 504, 508 (10th Cir. 2015) (unpublished) (granting counsel's motion to withdraw where any sentencing error was harmless) (citing *United States v. Montgomery*, 439 F.3d 1260, 1263 (10th Cir. 2006)).

Counsel also asserts that any challenge to the district court's exercise of its discretion to deny a sentence reduction would be frivolous. Again, we agree.

Section 404(b) of the First Step Act authorizes courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5222 (2020). Section 404(c) further explains that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* Additionally, because the First Step Act only allows for the modification of sentences, and not plenary resentencing, we review "not the propriety of the sentence itself, but the propriety of the district court's grant or denial of the motion to reduce the sentence." *United States v. Mannie*, 971 F.3d 1145, 1155 (10th Cir. 2020). We review that decision only for abuse of discretion. *Id.*; *see also United States v.*

5

*Brown*, 974 F.3d 1137, 1142 (10th Cir. 2020) (holding that "the plain text of the sentencing provisions gives the court discretion over whether to apply the Fair Sentencing Act at all"). The First Step Act "does not provide guidance on what a court should consider in exercising its discretion or the scope of its analysis in exercising that discretion." *Brown*, 974 F.3d at 1142. A district court must, however, "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Mannie*, 971 F.3d at 1157 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

We detect no nonfrivolous basis for challenging the district court's exercise of its discretion. The district court denied Kyle's motion after considering the § 3553(a) sentencing factors. The district court found that those factors, on balance, did not warrant a different sentence. Specifically, the district court found that Kyle was a principal in a "wide-ranging drug trafficking conspiracy," that Kyle possessed a firearm during a controlled purchase, and that the conspiracy distributed more than five kilograms of cocaine. ROA, Vol. I at 319–20. The district court also found that Kyle's criminal history showed "a nearly uninterrupted pattern of drug arrests and convictions beginning at age 13." *Id.* at 320. Accordingly, the district court clearly "considered the parties' arguments" and provided a "reasoned basis" for exercising its discretion. *Mannie*, 971 F.3d at 1157.

In his response to his counsel's motion to withdraw, Kyle asserts that the district court erred when it concluded that Kyle had not taken steps to "prepare

6

himself for a life outside of prison." Aplt. Resp. Br. at 9 (citing ROA, Vol. I at 320).

Kyle asserts that he has completed nearly forty classes while imprisoned, including

"substance abuse focused classes" and a "financial responsibility plan." *Id.* Yet this

argument, and the evidence Kyle submits with his response brief, was not presented

to the district court and is thus forfeited. *Fogle v. Gonzales*, 570 F. App'x 795, 797

(10th Cir. 2014) (unpublished) (declining to "entertain non-record evidence presented

for the first time on appeal"). Further, even considering Kyle's new evidence, we

could not conclude the district court plainly erred or abused its discretion,

particularly in light of its discussion of other § 3553(a) factors which included Kyle's

criminal history and the seriousness of his offenses.[2]

Kyle also alleges that there is an unwarranted disparity between his sentence

and the sentences of his codefendants. Aplt. Resp. Br. at 10. Kyle points specifically

to one codefendant—Courtney McCoy—who Kyle asserts has since been released.

This argument was also not presented to the district court and is thus forfeited.

*Fogle*, 570 F. App'x at 797. Further, Kyle provides no factual basis for his assertions

that McCoy received a lesser sentence or has been released.[3] Finally, even if we

---

[2] Kyle relies on *Pepper v. United States*, 562 U.S. 476, 490–93 (2011) for the proposition that his postsentencing conduct is critical to determining his "history and characteristics." Aplt. Resp. Br. at 9. *Pepper* is inapposite because that case addressed resentencing, not the modification or reduction of a sentence. *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (distinguishing modification of a term of imprisonment from a "plenary resentencing proceeding").

[3] In fact, it appears that McCoy was similarly sentenced to a term of 240 months for his drug trafficking and conspiracy offenses. *United States v. McCoy*, 07-cr-172-CMA-19 (D. Colo. July 6, 2009), ECF No. 1503 at 3.

were to credit Kyle's factual assertions, we could not conclude that the district court plainly erred or abused its discretion, particularly in light of its discussion of other § 3553(a) factors which included Kyle's criminal history and the seriousness of his offense.

## Conclusion

Our independent review of counsel's motion to withdraw, Kyle's response brief, and the record leads us to the conclusion that there are no nonfrivolous grounds to support this appeal. We thus DISMISS Kyle's appeal and GRANT counsel's motion to withdraw. We DENY as moot Kyle's motion to withdraw his appeal and any other pending motions.

Entered for the Court


Mary Beck Briscoe
Circuit Judge